**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY JAMES FITCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6860** |
| **SHERIFF JERRY LARPENTER, ET AL.** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Larry James Fitch ("Fitch"), is an inmate housed in the Franklin Parish Detention Center ("FPDC"). He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Terrebonne Parish Sheriff Jerry Larpenter, Warden Triche, and Deputy Foret, alleging that while housed in defendants' custody, he fell off of a broken stool while wearing shackles and exiting a transport van. He claims that he was unconscious while Deputy Foret, accompanied by Nurse Pat, tried to remove the lockbox on his cuffs. He seeks monetary and injunctive relief.

Fitch did not file the suit on the form required for § 1983 prisoner complaints, and he failed to submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

### II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is

considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

Fitch is without counsel and is responsible for the prosecution of his case.[1]  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.  <u>Analysis</u>

As noted above, Fitch did not file the suit on the required form or submit the filing fee or request leave to proceed *in forma pauperis*.  The Clerk of Court sent a notice dated July 24, 2018, to Fitch at his address of record advising him that he was required to complete the § 1983 complaint form and either pay the filing fee or submit a certified pauper application.[2]  The Clerk provided

---

[1]Fitch has filed two motions for the appointment of counsel, one of which seeks appointment of a paralegal to assist him in this case.  Rec. Doc. Nos. 2 and 5.  Because Fitch has failed to properly file his complaint and the case is not yet been opened for the Court's substantive review, both motions are premature and not properly before the Court.

[2]Rec. Doc. No. 2.

the necessary forms with the deficiency notice.  The Clerk of Court mailed the notice and forms to Fitch at the address he provided on the complaint.  The envelope has not been returned as undeliverable.  Fitch did not reply to the notice.

On August 29, 2018, the undersigned issued an Order requiring Fitch to show cause on or before September 18, 2018, why his complaint should not be dismissed for failure to comply with the Clerk's deficiency notice.[3]  The Order was mailed to Fitch at his address of record, and the envelope has not been returned as undeliverable.  Fitch has not replied to the Show Cause Order.

The notice of deficiency and the Court's Show Cause Order were mailed to Fitch at the only address he has provided.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Fitch has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.  In fact, Fitch's last pleading indicates that he is still incarcerated in the FPDC.  Despite this, Fitch still has not submitted the form complaint or provided the filing fee or pauper application required to prosecute his case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.     <u>Recommendation</u>

It is therefore **RECOMMENDED** that Fitch's § 1983 complaint against Sheriff Jerry Larpenter, Warden Triche, and Deputy Foret be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

---

[3]Rec. Doc. No. 4.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 27th day of September, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.